UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>ROBERT LAUTENSLAGER,<br><br>       Defendant. | No.  2:17-cr-00053-JAM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE** |

Robert Lautenslager ("Defendant"), a prisoner serving his sentence at the United States Penitentiary, Atwater ("USP Atwater"), a Bureau of Prisons ("BOP") facility located in Merced County, California, moves for reduction of his term of imprisonment under the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A).  Mot., ECF No. 269.  The Government filed an opposition, ECF No. 272, to which Defendant replied, ECF No. 276.  After consideration of the parties' briefing on the motion and relevant legal authority, the Court DENIES Defendant's Motion to Reduce Sentence.

///

///

1

1                          I.   BACKGROUND

2       On April 3, 2018, Defendant pled guilty to conspiracy to

3  commit money laundering, in violation of 18 U.S.C. § 1956(h).

4  See Change of Plea, ECF No. 111.  On November 19, 2019, Defendant

5  was sentenced to one year and one day of imprisonment.  See

6  Judgment, ECF No. 241.  Defendant began his period of

7  incarceration on January 21, 2020.  BOP Public Information of

8  Inmate Data, Ex. 1 to Opp'n at 2, ECF No. 272-1.  His projected

9  release date is November 27, 2020.  Id. at 3.

10      As a result of the Coronavirus Disease (COVID-19) global

11  pandemic, on April 7, 2020, Defendant sent a request for home

12  confinement to the USP Atwater Camp Administrator over the Trust

13  Fund Limited Inmate Computer System ("TRULINCS").  TRULINCS

14  Request, Ex. A to Mot., ECF No. 269-1.  Defendant was informed he

15  should instead lodge this request with his Unit Team.  Id.

16  Defendant then filed a request for home confinement with his case

17  manager based on the Attorney General's March 26, 2020, and April

18  3, 2020, directives to the BOP, and pursuant to § 12003(b)(2) of

19  the Coronavirus Aid, Relief, and Economic Security ("CARES") Act.

20  Inmate Request to Staff, Ex. 2 to Opp'n, ECF No. 272-1.

21  Defendant's case manager responded to his request on May 14,

22  2020.  Response to Inmate Request to Staff, Ex. 3 to Opp'n, ECF

23  No. 272-1.  The response confirms receipt of Defendant's request

24  and informs Defendant that it has been taken into consideration.

25  Id.  On May 1, 2020, and May 12, 2020, Defendant's counsel

26  submitted letters to the Warden and Executive Assistant

27  requesting home confinement pursuant to the CARES Act.  See

28  Counsel Follow-Up Requests, Ex. B to Mot., ECF No. 269-2.

1    Defendant now requests this Court reduce his sentence and

2    release him in advance of his projected release date.  Mot. at 7.

3    Defendant contends he is at risk of contracting, and experiencing

4    serious complications from, COVID-19 if he remains at USP Atwater

5    because he suffers from high blood pressure, sinus infections,

6    and panic attacks.  Id. at 17.

7

8                          II.   OPINION

9         A.   Legal Standard

10        Generally, a court may "not modify a term of imprisonment

11   once it has been imposed."  18 U.S.C. § 3582(c); Dillon v.

12   United States, 560 U.S. 817, 824-25 (2010).  However, the First

13   Step Act (FSA) modified 18 U.S.C. Section 3582 to grant federal

14   courts such authority under certain exceptions.  18 U.S.C.

15   § 3582(c)(1)(A).  Before requesting a modification with the

16   court, a defendant must submit a request for release with the

17   BOP and subsequently exhaust the available administrative

18   remedies.  Id.  A defendant exhausts the administrative remedies

19   by either (1) administratively appealing an adverse result or

20   (2) waiting for thirty (30) days to pass.  Id.  Only then may a

21   defendant, or the Director of the BOP, file a motion for

22   modification.  Id.

23        The court can modify the term of imprisonment after

24   considering any relevant factors set forth in Section 3553(a),

25   and if it finds, in relevant part, that "extraordinary and

26   compelling reasons warrant such a reduction."  18 U.S.C.

27   § 3582(c)(1)(A)(i).  The Sentencing Commission defines

28   "extraordinary and compelling reasons" to include reasons

1    related to (a) the medical condition of the defendant, (b) the

2    age of the defendant, (c) certain family circumstances, and

3    (d) other specific reasons.  See U.S.S.G. § 1B1.13, Application

4    Note 1.  The defendant bears the initial burden to put forward

5    evidence that establishes an entitlement to a sentence

6    reduction.  United States v. Sprague, 135 F.3d 1301, 1306–07

7    (9th Cir. 1998).

8         B.   Exhaustion Requirement

9         As a threshold matter, a defendant must generally exhaust

10   his administrative remedies before a court can address the

11   merits of a motion for compassionate release.  See United States

12   v. Kesoyan, Case No. 15-CR-00236, WL 2039028 at *2 (E.D. Cal.

13   2020).  Defendant argues he has met the exhaustion requirement

14   because more than thirty days have passed since he sent his

15   request to his case manager.  Mot. at 9.  However, the

16   Government argues Defendant has failed to meet the exhaustion

17   requirement because his requests only ask that he be permitted

18   to spend the remainder of his sentence in home confinement.

19   Opp'n at 3–4.  It does not seek termination or reduction of

20   Defendant's sentence.  Id.  The Government contends that the

21   request therefore did not trigger the administrative remedies

22   exhaustion period.  Id.  The Court agrees.

23        Over TRULINCS, Defendant "formally request[ed] to be

24   immediately considered for early home confinement."  Ex. A to

25   Mot.  Similarly, Defendant's request to his case manager asks

26   that he be "considered/evaluated/re-evaluated for early and

27   immediate Home Confinement."  Ex. 2 to Opp'n.  Meanwhile,

28   Defendant's counsel, in her follow-up requests, asks that

4

Defendant "be released to home confinement."  Ex. B. to Mot.  In
response, Defendant's case manager references a request for
"review for Home Confinement" and informs him that his "request
was received and has been taken into consideration."  Ex. 3 to
Opp'n.  His case manager goes on to explain that the BOP has
been actively working to determine which inmates are presently
eligible for a transfer to home confinement.  Id.

Defendant has therefore only asked that the BOP consider a
transfer to home confinement.  Nowhere does Defendant request
that the duration of his sentence be reduced or terminated
entirely.  Nor does the BOP's response broaden the scope of
Defendant's request.  And the Court's recent decision in United
States v. Eddings, Case No. 9-CR-00074 (E.D. Cal. March 22,
2020) is inapposite.  In Eddings, the exhaustion requirement was
met because the Warden also treated the defendant's request for
home confinement as a request for sentence reduction sentence.
See Eddings Opp'n at 4, ECF No. 326; see also Exs. 5-6 to Opp'n,
ECF Nos. 326-5, 326-6.  Accordingly, the Court was able to rule
on defendant's motion to reduce sentence.  See Eddings Order at
4-5, ECF No. 345.  Not so here.  Defendant's case manager only
recognized a request for transfer to home confinement.  See Ex.
3 to Opp'n.  The scope of Defendant's request was not
gratuitously expanded by the BOP as it was in Eddings.  As a
result, Defendant has not met § 3582(c)(1)(A)'s exhaustion
requirement and the Court cannot reach the merits of this claim.

Moreover, the Court does not have the authority to grant
the relief Defendant originally sought from the BOP via an
avenue other than § 3582(c)(1)(A).  Beyond § 3582(c)(1)(A), only

5

1   the Attorney General has the discretion "to modify the method of

2   imprisonment from a BOP facility to home confinement." United

3   States v. Perez-Asencio, Case No. 18-CR-3611, WL 626175 at *4

4   (S.D. Cal. 2019) (citing 34 U.S.C. § 60541); see also Tapia v.

5   United States, 564 U.S. 319, 331(2011) (citing 18 U.S.C.

6   § 3621(b)) ("When a court sentences a federal offender, the BOP

7   has plenary control, subject to statutory constraints, over the

8   place of the prisoner's imprisonment." (internal quotation marks

9   omitted)).

10

11                          III.   ORDER

12       For the reasons set forth above, the Court DENIES

13   Defendant's Motion to Reduce Sentence.

14       IT IS SO ORDERED.

15   Dated: May 29, 2020

16
                                        _____
17                                      JOHN A. MENDEZ,
                                        UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

26

27

28